[Civ. No. 1088. Second Appellate District.—May 1, 1912.]

ED. A. SEARS, Respondent, v. JOHN F. DOUTHITT, and THE HERBERT BUILDING COMPANY, a Corporation, Appellants.

CONFLICTING CLAIMS TO LAND—PLAINTIFF A BONA FIDE PURCHASER FROM COMMON GRANTOR, WITHOUT NOTICE OF PRIOR UNRECORDED DEED.—In an action to determine conflicting claims to land, where the plaintiff and the defendants claim title under a common grantor, but it appears that plaintiff was a *bona fide* purchaser for value, under a recorded deed, without notice of a prior unrecorded deed, under which the defendants claim title, it is held that the evidence is amply sufficient to sustain the subsequent title of the plaintiff, as such *bona fide* purchaser.

ID.—SUFFICIENT DELIVERY OF DEED TO PLAINTIFF—DELIVERY TO BANK AS AGENT OF PLAINTIFF.—The delivery of the deed to the plaintiff, after the payment of the money to the common grantor, was suffi-

ciently proved by its directed delivery to a specified bank as the agent of the plaintiff. Such bank could not have relinquished the deed upon request of the grantor without rendering itself liable to any damage sustained by the plaintiff because of such act. The deed so delivered was as effectual as though the grantor had handed it to the plaintiff, or to any other person authorized by plaintiff to receive it.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

C. N. Andrews, for Appellants.

Chas. S. Conner, for Respondent.

JAMES, J.—Action brought to determine conflicting claims to real property. Plaintiff and defendants deraign their asserted title from one Elgin L. McBurney as a common grantor. In July, 1898, James Story was indebted to the law firm of McBurney & McBurney, all of the parties being residents of New York City, on account of legal services rendered to him by said firm. Not being able to satisfy the debt in cash at that time, Story stated to the McBurneys that he owned some lots in California valued at about $100 and that he would give a deed to that property in payment for the services, which he did. It was agreed between the parties that if Story should pay the amount due from him on account of attorney's fees within a year the real estate would be deeded back to him, and a deed of reconveyance was then prepared and placed among the office files of McBurney & McBurney to be delivered to Story within a year if he should satisfy the condition of payment. The deed from Story was made to Elgin L. McBurney as grantee. In the month of September, 1900, Story paid the amount which had been owing from him to the firm of McBurney & McBurney to H. D. McBurney, a member of the firm, who thereupon delivered the deed of reconveyance heretofore mentioned. The deed from Story to Elgin L. McBurney had been duly recorded in San Diego county, where the real property was located, but the deed of reconveyance was not recorded until December 11, 1908. Meanwhile Elgin L. McBurney was not informed that his brother had delivered the deed of reconveyance, and in 1908, assuming that he held

title to the real property, he negotiated with plaintiff for the sale of his interest therein. After some correspondence had passed between the parties Elgin L. McBurney wrote to the plaintiff as follows: "I will give you a quitclaim deed for whatever interest might appear to be in my name for the sum of seventy-five dollars. If you care for such a deed upon this basis, prepare the same and send to me for execution." Plaintiff made out a deed agreeable to this offer and delivered it to the cashier of the San Diego Savings Bank with instructions to send the same, together with a draft for $75, to the Fourth National Bank in New York City with instructions to the latter to deliver the draft to McBurney when he should sign the deed. On or about the third day of September, 1908, McBurney went to the Fourth National Bank in New York City, signed the deed and received the draft for $75. This deed was returned to San Diego and delivered to plaintiff, who caused the same to be recorded on September 11, 1908, in the office of the county recorder at San Diego. Meanwhile Elgin L. McBurney discovered by an examination of memoranda in his office and consultation with his brother that a deed had been delivered to Story in the year 1900. He thereupon wired to plaintiff, directing him not to record the deed last given, as a prior deed had been discovered, and also notified the San Diego Savings Bank to hold the same deed and not to deliver it to plaintiff. This telegram to the San Diego bank was received there before the bank had delivered the deed to the plaintiff, and consequently before that deed had been recorded. The trial court found that plaintiff was the owner in fee of the real property; that he was a *bona fide* purchaser for valuable consideration without notice of any outstanding claims arising from any previous deed from Elgin L. McBurney, or otherwise. If the San Diego Savings Bank and its correspondent, the Fourth National Bank of New York City, acted as the agents of plaintiff in receiving the deed and transmitting and paying over the $75 paid as the purchase price of the interest of McBurney in the real property, then delivery of the deed from McBurney to the plaintiff was complete when McBurney executed the same at the Fourth National Bank in New York City and received the $75 sent to him by plaintiff. Assuming the relation of principal and agents to have existed as just mentioned, then the moment McBurney executed the deed and received the money in New

York City he became divested of any title or interest held by him in the real property, and plaintiff became the owner thereof. It is conceded by counsel for appellant that such would be the legal situation resulting from the facts just assumed, and it is conceded that the conveyance of the interest of McBurney to the plaintiff under such conditions would be superior to the title attempted to be conveyed by the unrecorded deed delivered in the year 1900 by the McBurneys to Story. There was no evidence heard, so far as the bill of exceptions discloses, which would indicate that plaintiff at the time the deed from McBurney was signed and delivered at the Fourth National Bank in New York City, had any knowledge or information as to the unrecorded deed to Story having been made, and he in his testimony affirmatively asserted that he had no such knowledge or information. The evidence was amply sufficient to justify the finding of the trial court that plaintiff was the *bona fide* purchaser without notice of the adverse claims of these defendants. And it must be said, too, that the Fourth National Bank in New York City and the San Diego Savings Bank acted together as the agents of the plaintiff, and not as the agents of Elgin L. McBurney. In a letter dated August 24, 1908, the plaintiff wrote to McBurney that he was sending the deed and draft for $75 as required. He then added: "You will find them the Fourth National Bank of N. Y. Sign deed and draw your money." After having delivered the $75 to McBurney, and having received the deed duly executed by the latter, the Fourth National Bank of New York City could not have relinquished the deed upon request of McBurney without rendering itself liable for any damage sustained by this plaintiff because of such act. When McBurney delivered his deed to the bank in New York he delivered it just as effectually as though he had then handed it to plaintiff himself, or any other person authorized by plaintiff to receive it. Therefore, any notices given by McBurney to either of the banks acting as transfer agents for plaintiff after the deed had been delivered in New York were ineffectual to prevent the passing of title to the property from McBurney to the plaintiff. The evidence does sustain all of the findings made by the trial court and the judgment which followed them.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.